UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RACHEL E. VARRECCHIO

    Plaintiff,

v.                              CASE NO.:  6:19-cv-1574-Orl-37DCI

MICHELLE MOBERLY and
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ANSWER

DEFENDANT, MICHELLE MOBERLY, by and through her undersigned counsel, files this answer to Plaintiff's Second Supplemental Amending Petition/Complaint and would state as follows:

## STATEMENT OF JURISDICTION

Defendant admits jurisdiction.

## II

A.    The allegations contained in Count II, paragraph A, are denied.

B.    Defendant is without knowledge as to the allegations contained in Count II, paragraph B, and is therefore denied.

## III.

The allegations contained in Count III are denied.

## IV.

The allegations contained Count IV are denied in its entirety.

### V.

The allegations contained in Count V are denied along with each sub-part.

Defendant, Moberly, specifically moves to strike and/or dismiss Count V, paragraph H of this Second Supplemental Amending Petition/Complaint as it appears to discuss a non-party insurer, and violates Florida's non-joinder statute, Section 627.4136.

### VI.

The allegations contained in Count VI are denied, along with each subpart.

### V.

The allegations contained in Count V are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's cause of action is barred because of Plaintiff's failure to meet the injury threshold requirements set forth in F.S. §627.737(2).

2. The plaintiff has or is entitled to receive personal injury protection benefits and/or collateral sources of indemnity and defendant is entitled to a set off of any and all such amounts.

3. Plaintiff was the sole proximate cause of the incident alleged or was comparatively negligent and his/her damages, if any, should be barred or reduced accordingly.

4. The plaintiff failed to utilize an available and operational seat belt and plaintiff's damages, if any, should be barred or reduced accordingly.

5. As an additional affirmative defense, Defendant alleges that any recovery should be reduced, setoff, or barred due to any settlement, judgment, or payment of any

          kind by any individual or entity in connection with the subject matter of this incident described in the Complaint.

6. The plaintiff has failed to mitigate damages by failing to follow reasonable medical advice.

7. Plaintiff has failed to mitigate damages, including but not limited to failing to submit all payable medical bills to his/her health insurer (and instead, executing a letter of protection from his/her medical provider), thus, depriving Defendant of the contractual discount available as a third party beneficiary of the contract between the Plaintiff and Provider. <u>Goble v. Frohman</u>, 901 So.2d 830 (Fla. 2005); <u>Thyssenkrupp Elevator Corp. v. Lasky</u>, 868 So.2d 547 (4th DCA 2003); Fla. Stat. 641.3154.

8. Plaintiff is insured with health coverage which inures to the benefit of Defendant in that Plaintiff's providers must submit all bills for services rendered, to the Plaintiff's Health Insurer and the Plaintiff's providers must accept the contracted amount in full payment of all charges for treatment rendered. Thus; Defendant is entitled to the benefit of the contracted difference. Fla. Stat. 641.3154.

9. Defendant is entitled to immunity from liability for the amount of any deductible selected by Plaintiff or by which Plaintiff is bound pursuant to any applicable automobile insurance agreement providing personal injury protection coverage since the Plaintiff has not suffered a threshold breaking injury.

10. Defendant is entitled to any and all Medicare/Medicaid insurance contractual adjustments and/or write-offs and only that sum should be presented to the jury as the actual damaged incurred. <u>Goble v. Frohman</u>, 901 So.2d 830 (Fla. 2005);

<u>Thyssenkrupp Elevator Corp. v. Lasky</u>, 868 So.2d 547 (4th DCA 2003); Fla. Stat. 641.3154

11. Defendant demands jury trial on all issues so triable.

Respectfully submitted on December 11, 2019.

 /s/ PAUL M. THOMPSON
PAUL M. THOMPSON, ESQUIRE
paul@thompsonevangelolaw.com
Florida Bar No. 0816310
Thompson & Evangelo, P.A.
1485 International Parkway, Suite 1051
Lake Mary, FL  32746
Telephone: (407) 875-5757
Facsimile: (407) 875-5776
Attorney for Defendant, Moberly
sstout@thompsonevangelolaw.com
Areynolds@thompsonevangelolaw.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail on this 11th day of December, 2019 to RACHEL E. VARRECCHIO, shannon@pennyhardy.com (Pro Se Petitioner), and to Juan Andres Ruiz, Esq. (jar.service@rissman.com), attorney for Defendant, State Farm.

                /s/ PAUL M. THOMPSON
                PAUL M. THOMPSON, ESQUIRE
                paul@tthomspsonevangelolaw.com
                Florida Bar No. 0816310
                Thompson & Evangelo, P.A.
                1485 International Parkway, Suite 1051
                Lake Mary, FL  32746
                Telephone: (407) 875-5757
                Facsimile: (407) 875-5776
                Attorney for Defendant. Moberly
                sstout@thompsonevangelolaw.com
                Areynolds@thompsonevangelolaw.com